IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-01694-PSF-OES

ERNEST N. BROWN,

Plaintiff,

vs.

S. SMALLWOOD, Senior Officer Specialist; and
LAWRENCE L. LEYBA, Clinical Director;

Defendant(s).

RECOMMENDATION FOR DISMISSAL

ENTERED BY U.S. MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  June 23, 2005

## INTRODUCTION AND SUMMARY OF RECOMMENDATION

Plaintiff is a prisoner with the Federal Bureau of Prisons.  He has filed two separate cases with this court, which have been assigned to different district judges: Brown v. Hood *et al*, #03-cv-1648-WYD-OES (#1648) and Brown v. Smallwood *et al*, #03-cv-PSF-OES (#1694).  Both cases assert various claims for relief against the defendants pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Plaintiff has sued different defendants with different claims in each of the cases.  For that reason, I will address the cases with separate recommendations which overlap only to the extent that the law and the outcomes are the same for both cases.  I conclude that plaintiff has failed to fully exhaust in both cases, and I recommend that both of his cases be dismissed.

## BACKGROUND

I conducted a status conference in regard to both cases on April 1, 2005.  Plaintiff was present by telephone, and Megan McDermott, who represents all of the defendants in both cases, was present for defendants.  During the conference, Ms. McDermott

alerted me to the fact that plaintiff had not exhausted his administrative remedies as to all of the defendants. In light of that fact, I ordered plaintiff to show cause as to why his cases should not be dismissed for his failure to demonstrate that he had fully exhausted his remedies.

Plaintiff submitted responses to my order. In #1648, his response was docketed on April 21, 2004. In #1694, his response was docketed on April 15, 2004. Plaintiff called his pleadings "Motions to Show Cause," but they effectively act as responses to my Order to Show Cause. Defendants submitted their responses to plaintiff's pleadings on May 11 and May 18, 2004, respectively.

**DISCUSSION**

**1**

Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), which covers claims that are brought "with respect to prison conditions under section 1983 of this title, <u>or any other federal law</u>, by a prisoner confined in jail, prison, or other correctional facility." *See* 42 U.S.C. § 2997e(a) (emphasis added). This exhaustion requirement is mandatory. *See* Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective."). The Supreme Court has stated, "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." Booth v. Churner, 532 U.S. 731, 741, n. 6 (2001).

The Bureau of Prisons ("BOP") has a three-tiered administrative procedure for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq.* Under this procedure, an inmate must first address his complaint to the Warden. 28 C.F.R. § 542.14. If the inmate feels the response is unsatisfactory, he or she may then appeal the complaint to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the result at that level,

the inmate may then appeal to the Director, National Inmate Appeals, which is in the Office of the General Counsel in Washington, D.C. Id. Generally, an inmate has not exhausted his remedies until he has sought review at all three levels. Id. However, "[i]f the inmate reasonably believes the issue is sensitive and the inmate's safety or wella-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate regional Director." 28 C.F.R. § 542.14.

The Tenth Circuit has stated emphatically that "the substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003); *see also*, Brice v. Day, 604 F.2d 664, 666-67 (10th Cir. 1979), *abrogated on other grounds by* McCarthy v. Madigan, 503 U.S. 140 (1992) (holding that inmate must follow the grievance procedure prior to filing suit in federal court in order to possibly resolve issues, reduce court intrusion into prison administrations, and provide some fact-finding to provide the court with a starting place for understanding and resolving the matter). The exhaustion requirement is mandatory, and it exists regardless of whether the suit involves "general circumstances or particular episodes," Porter v. Nussle, 534 U.S. 516, 532 (2002), or whether the available remedies appear able to provide the relief sought. Booth v. Churner, 532 U.S. at 741.

The burden is upon the prisoner to sufficiently plead exhaustion of administrative remedies under § 1997e(a). Steele v. Fed. Bureau of Prisons, 355 F.3d at 1209-10. "[A] complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief can be granted.'" Id. at 1209 (*quoting* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

To successfully allege exhaustion, a "prisoner must: (1) plead his claims with "a

3

short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed.R.Civ.P. 8(a)(2); and (2) 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Id. (*quoting* Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). In order to exhaust, the inmate is required to see the grievance process through to its conclusion; the doctrine of substantial compliance does not apply; and there is no exception for when the inmate fails to cure a procedural deficiency or neglects to empoloy available internal processes before the time expires for pursuing them. Jernigan v. Stuchell, 304 F.3d 1030, 1032-33 (10th Cir. 2002).

**2**

In this case, plaintiff has brought a claim for excessive force against an officer named Smallwood, and a claim for deliberate indifference to his medical needs against Dr. Leyba. In response to my Order to Show Cause, plaintiff filed a "Motion to Show Cause" to which he attached administrative grievances and appeals that he filed in regard to the two defendants.

In order to meet the exhaustion requirement, plaintiff must demonstrate that at the time that he filed his complaint in this court he had exhausted all of his administrative remedies. *See* 41 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. at 741; Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1140-41 (10th Cir. 2005); *see also* Casanova v. Dubois, 289 F.3d 42, 147 (1st Cir. 2002). Plaintiff's exhibits reflect that he failed to exhaust all of his administrative remedies as to both of the named defendants before he filed this present lawsuit against them.

Plaintiff's exhibits show that he first filed a grievance against Smallwood on August 19, 2003, and against Dr. Leyba on July 30, 2003. *See generally* P's Mtn to

Show Cause, Ex's 1 & 2. Plaintiff received responses from the Warden on each of these

grievances on August 18, 2003 (Smallwood), and on August 25, 2003 (Leyba).

Plaintiff filed an appeal to the Regional Director as to Smallwood on August 19, 2003, and as to Leyba on August 26, 2003. He received responses to these appeals on September 8, 2003, and October 14, 2003.

Plaintiff began the final leg for exhaustion purposes by filing an appeal to the Administrator of National Inmate Appeals on September 16, 2003 (Smallwood) and November 4, 2003 (Leyba). However, *plaintiff filed his initial Complaint with this court on September 4, 2003, before he had received any responses from the Regional Director, and before he had even commenced any appeal to the Administrator of National Inmate Appeals.* The rule with regard to exhaustion is strict, and any filing by plaintiff in this court before he has totally exhausted his administrative remedies is effectively void. Because plaintiff filed this case before he exhausted his remedies, this case must be dismissed, although the dismissal should be without prejudice. *See* Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004)

Defendants mistakenly argue that this case is a "mixed complaint" because it appeared to them that plaintiff had exhausted as to Smallwood, but not as to Leyba. *See* id. (describing a "mixed complaint" as one that contains claims that are both exhausted and unexhausted). This belief on their part was prompted by their conclusion that plaintiff had filed his complaint in this court on November 25, 2003. However, the records of this court reflect that plaintiff filed his initial complaint on September 4, 2003. He was directed by me to file an *amended* complaint, which he did on November 25, 2003. But plaintiff's filing deadlines are dictated by the date that he filed his initial complaint, not the date of filing of any amended complaint.

After filing his complaint in this court, plaintiff appears to have completed his exhaustion requirements. *See generally* Pltf's Mtn to Show Cause, Ex's 1 & 2. However, exhaustion after-the-fact does not cure plaintiff's failure to have exhausted

before he filed this lawsuit.  Section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur.  See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (affirming dismissal of inmate's complaint who was in the process of exhausting his administrative remedies); Jackson v. Dist. of columbia, 254 F.3d 262, 269 (D.C.Cir. 2001) (affirming dismissal of inmates' complaint because inmates had begun, but not yet exhausted, the prison grievance procedure); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (dismissing inmate's complaint because he filed his federal complaint before allowing the administrative process to be completed); Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 538 (7th cir. 1999) (remanding for dismissal and reversing the district court's refusal to dismiss when, at the time the district court was ruling on the motion to dismiss, the inmate had fully exhausted his administrative remedies but had not done so at the time of filing).

## CONCLUSION

Because plaintiff had failed to exhaust his administrative remedies at the time that he filed the complaint in this case, I RECOMMEND that this case be DISMISSED WITHOUT PREJUDICE.

**Advisement to plaintiff:**  Plaintiff is entitled to seek review or reconsideration of my recommendation by filing an "objection" within ten days.  Failure to file such an objection or appeal within ten days will result in the waiver by plaintiff of plaintiff's right to present such an objection to the district court judge.  A complete

advisement of plaintiff's right to appeal or object is attached to this Recommendation on a page which is entitled "Advisement Under Fed.R.Civ.P. 72."

Dated at Denver this day of June 23, 2005

BY THE COURT:

S/O. EdwardSchlatter

_____
O. Edward Schlatter
U.S. Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).